OPINION
{¶ 1} Defendant-appellant, Brent Montgomery, appeals the decision of the Fayette County Court of Common Pleas, establishing paternity. We affirm the trial court's decision.
 {¶ 2} Appellant and plaintiff-appellee, Celeste Spradlin, were in a relationship from April through September 2002, and lived together between June and October 2002. During the relationship, Spradlin became pregnant, and on February 28, 2003, gave birth to Sean Willis. In August 2004, the Fayette County Child Support *Page 2 
Enforcement Agency ("FCCSEA") attempted to establish paternity through an administrative proceeding. Although served with notice, appellant failed to appear for genetic testing, and failed to appear at the administrative hearing. In July 2005, the FCCSEA filed a complaint to establish paternity of the child, alleging that appellant is the child's natural father.
 {¶ 3} The trial court ordered appellant to appear for genetic testing on two occasions and appellant failed to appear each time. In March 2006, the trial court again ordered appellant to appear for genetic testing. The trial court's entry ordering the testing informed appellant that his failure to appear would result "in an adversarial hearing to be held the 27th day of April, 2006 * * * where the court may find his failure to appear and submit to be willful; and, if the Court so finds, the Court shall issue an order determining the existence of a parent-child relationship between [appellant] and the child, without genetic testing."
 {¶ 4} Appellant failed to appear for testing as ordered, and on April 20, 2006 requested a continuance of the April 27, 2006 hearing, alleging that he did not have transportation. The trial court denied the motion for a continuance, and appellant failed to appear for the April 27, 2006 hearing. At the hearing, appellant's counsel again moved for a continuance, alleging that appellant could not attend the paternity hearing because, although not subpoenaed, he was to testify at his present girlfriend's administrative child support hearing taking place at the same time. The trial court again denied the motion for a continuance. After hearing evidence, the court found that appellant had willfully failed to appear for genetic testing. The court established a parent-child relationship between appellant and the child and entered a child support order. Appellant appeals, raising two assignments of error.
 {¶ 5} Assignment of Error No. 1: *Page 3 
 {¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING MONTGOMERY'S MOTION FOR A CONTINUANCE."
 {¶ 7} The decision to grant or deny a motion to continue a trial is within the trial court's sound discretion, and will not be disturbed on appeal absent an abuse of that discretion. In re T.C,140 Ohio App.3d 409, 417, 2000-Ohio-1769. "In determining whether the trial court has abused its discretion, appellate courts should apply a balancing test which takes cognizance of all the competing considerations[,] * * * inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." Id., citing State v. Unger (1981), 67 Ohio St.2d 65, 67-68.
 {¶ 8} We find no abuse of discretion in the trial court's decision denying appellant's motion for a continuance. Appellee had been attempting to resolve the issue of the child's paternity since 2004. Appellant repeatedly failed to appear for genetic testing, failed to appear for multiple hearings, and requested several continuances throughout the proceeding. Appellant had more than 30 days notice of the hearing, ample time to arrange transportation to the hearing. Although not subpoenaed to testify, appellant voluntarily chose to attend an administrative hearing with his girlfriend rather than the paternity hearing. Appellant was provided numerous opportunities to appear for genetic testing and was provided sufficient notice of the paternity hearing. In this instance, the denial of appellant's request for a continuance was not an abuse of discretion. Accord Unger. The assignment of error is overruled.
 {¶ 9} Assignment of Error No. 2: *Page 4 
 {¶ 10} "THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING THAT MONTGOMERY WILLFULLY FAILED TO APPEAR FOR GENETIC TESTING WITHOUT PROVIDING NOTICE TO MONTGOMERY."
 {¶ 11} In his second assignment of error, appellant argues that he was not provided notice "that his willful failure to submit to genetic testing could result in a finding of paternity." He alleges that this notice was provided by the FCCSEA, but not by the trial court.
 {¶ 12} R.C. 3111.09(A) provides that a paternity determination may be made as a sanction for a party's willful refusal to submit to genetic testing. See Marsh v. Clay (1998), 125 Ohio App.3d 518, 520. A court must give a defendant notice of its intent to enter a paternity order based on the willful refusal to submit to the genetic test. See id.
 {¶ 13} Appellant's contention that the trial court failed to notify him of the hearing and its consequences has no merit. Contrary to his assertion, the record reflects that appellant was served with the trial court's March 28, 2006 entry notifying him of the nature of the proceeding to be held on April 27, 2006. Confirmation of service appears in the record, and at the hearing, appellant's counsel told the court that appellant had received the entry "in a timely fashion." The entry is unambiguous, plainly stating that his failure to appear for genetic testing would result in a hearing where the court could find his failure to be willful, resulting in the establishment of paternity. The assignment of error is overruled.
 {¶ 14} Judgment affirmed.
 YOUNG, P.J., and BRESSLER, J., concur. *Page 1